### CHARLES A. WILSON v. STATE.

No. A-3708.   Opinion Filed Oct. 31, 1921.

(201 Pac. 393.)

(Syllabus.)

**Appeal and Error—Sufficiency of Evidence to Sustain Conviction.** Where there is evidence, apparently credible, in the record, which, if believed, is sufficient to sustain the judgment, this court will not reverse the case on the sole ground of the insufficiency of the evidence.

Appeal from District Court, Blaine County; Thos. A. Edwards, Judge.

Charles A. Wilson was convicted of rape in the first degree, and he appeals.   Affirmed.

I. H. Lookabaugh, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J.   This is an appeal from a judgment of conviction for rape in the first degree, rendered against the de-

fendant in the district court of Blaine county, on the 10th day of September, 1919, with punishment assessed at imprisonment in the state penitentiary for a period of 15 years, the minimum punishment for said offense. But one question is presented for review, viz., the insufficiency of the evidence to sustain the conviction.

The prosecutrix testified that on the night of the first Monday in June, 1918, the defendant escorted her home by automobile from a circus or tent show in the town of Okeene, a distance of several miles, and that on the way home the defendant forcibly pulled her from the car, threw her upon the ground, and ravished her against her will and by means of force and violence; that the prosecutrix resisted by fighting, striking, kicking, and scratching the defendant, but that the defendant overcame her resistance and accomplished the act of sexual intercourse. The defendant denied having any sexual intercourse with the prosecutrix, but admitted that on one occasion he did take her in an automobile to her home from the town of Okeene, and admits that he pulled or jerked her out of the car; but in explanation of his conduct the defendant contends that the car had stopped at the top of a steep grade and defendant, seeing that the car would likely roll back down the grade and onto a dangerous bridge, asked the prosecutrix to jump out of the car, and upon her refusal to do so defendant pulled her out of the car, in order to protect her from the danger of car's likely skid down the hill.

The evidence of the prosecutrix is corroborated by that of her mother, to the effect that on the next morning the prosecutrix was very sore, to such an extent that she was unable to get out of bed; that her clothing was torn in several places, and that about four blood spots the size of a quarter were discovered on her underclothing and the skirt of her dress, and that the prosecutrix at that time told her (the mother) that

the defendant had ravished her the night before. The prosecutrix is also corroborated in her statement that the defendant took her to the tent show in Okeene that night, and then home in her car, by the testimony of one Irene Gray, a girl about her age, who lived on a farm owned by the defendant about 5 miles from Okeene. The Gray girl testified that she was with the defendant and the prosecutrix, Mary Beckloff, at the show that night, and rode with them as far as the defendant's farm, where she left them. The defendant denied this; at least, he said he did not remember it. Defendant, while denying the commission of the crime, admitted that he might have suggested to the prosecutrix that they have sexual intercourse; but he says he had no intention of having sexual intercourse with her. The testimony of the defendant is evasive, and at times contradictory, and we believe, on the whole, apparently incredible.

The defendant was a man of mature years, with children near the age of the prosecutrix; the prosecutrix being a little over 17 years of age at the time of the commission of this offense. The testimony of the prosecutrix is sufficient to support a conviction of rape, as defined in the fourth subdivision of section 2414, Rev. Laws 1910. The act occurred in a secluded place on a public highway, near the hour of midnight; the nearest house, according to the testimony of the prosecutrix, being about a half mile distant. The prosecutrix resisted with all the force at her command at the time, and this resistance was overcome by the superior strength of the defendant. The clothing of the prosecutrix was badly torn, and there were blood spots upon her undergarments and also upon the skirt of her dress.

This evidence was sufficient to support the conviction if believed by the jury, and it was the exclusive province of the jury to determine and decide the weight of the evidence and the credibility of the witnesses. Where there is evidence,

apparently credible, in the record, which, if believed, is sufficient to sustain the judgment, this court will not reverse the case on the sole ground of the insufficiency of the evidence.

For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.